IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JEREMY JOHN BRAULICK, | CV 22-94-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| PAUL REES, ERIC THOMAS, JODY COZBY, RISHONA CORSON, CONNIE WINNER, CINDY MCGILLIS HINER, SHANNON MAES, HEIDI ABBOT, MELISSA SCHARFF, RAMONA CHRISMAN, TODD BOESE, ANITA THORPE, STEPHANIE PASHA, | |
| Defendants. | |

Plaintiff Jeremy John Braulick (Braulick), without counsel, brought suit alleging constitutional violations regarding his incarceration.[1] The Complaint as pleaded fails to state a claim for federal relief and is dismissed.

## BACKGROUND

Braulick is a state prisoner incarcerated at Montana State Prison (MSP).[2] The named Defendants are associated with medical staff or medical services administration at MSP.[3] Braulick alleges a denial of medical care violating the

---

[1] Doc. 2 at 4.
[2] *Id.* at 2.
[3] *Id.* at 2, 10, 12–13.

federal constitution, as well as state law claims of medical negligence and medical malpractice.[4] All claims stem from an alleged denial of care and testing surrounding Braulick's hypothyroidism and associated medical conditions.[5]

Braulick has previously mounted two legal challenges regarding purported denial of care for his chronic condition.[6] Medical history and treatment he received, beginning in 2012, are set forth in detail in matters referenced in Footnote 6 below.

Braulick's first civil rights complaint filed November 3, 2017, advanced four claims, including that he was denied adequate medical care for his hypothyroidism.[7] On May 10, 2018, Magistrate Judge Johnston recommended that this claim be dismissed.[8] Braulick moved to dismiss it. The request was granted.[9]

Braulick filed a second civil rights complaint on October 11, 2019, alleging denial of adequate medical care while incarcerated at Crossroads Correctional Center and at MSP. Twenty-seven defendants were named, that had allegedly failed to provide him adequate medical care for his hypothyroidism.[10] Magistrate Judge Johnston recommended that the complaint be dismissed.[11] On July 22, 2020,

---

[4] *Id.* at 15.
[5] *Id.* at 15–34.
[6] *See Braulick v. Corrs. Corp. of America et al.*, Cause No. CV-17-122-GF-JTJ; *see also Braulick v. Bullock et al.*, Cause No. CV-19-70-H-DLC.
[7] *See Braulick v. Corrs. Corp. of America et al.*, Cause No. CV-17-122-GF-JTJ at Doc. 2 (D. Mont. Nov. 3, 2017).
[8] *Id.* at Doc. 6 at 5–11 (D. Mont. May 10, 2018).
[9] *Id.* at Doc. 14 (D. Mont. July 27, 2018).
[10] *Braulick v. Bullock et al.*, Cause No. CV-19-70-H-DLC at Doc. 2 (D. Mont. Oct. 11, 2019).
[11] *Id.* at Doc. 5 at 14 (D. Mont. April 7, 2020).

the district court adopted Judge Johnston's recommendation in full and dismissed the complaint.[12]

## 28 U.S.C. §§ 1915, 1915A SCREENING

The complaint has been reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Fed. R. Civ. P. 8 requires that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[13] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14] The allegations must cross "the line from conceivable to plausible."[15]

*Pro se* filings are "to be liberally construed."[16] A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[17]

---

[12] *Id.* at Doc. 16 (D. Mont. July 22, 2020).
[13] Fed. R. Civ. P. 8(a)(2).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[15] *Id.* at 680.
[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[17] *Id.*

3

## DISCUSSION

### A. Denial of Medical Care Standard.

To state a 42 U.S.C. §1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs."[18]

In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain;" and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent."[19]

The second prong requires a showing of: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[20] Indifference may be manifested in two ways: (1) "[i]t may appear when prison officials deny, delay or intentionally interfere with medical treatment;" or (2) "it may be shown by the way in which prison physicians provide medical care."[21]

### 1. Serious Medical Need.

The Court presumes for purposes of this Order, that Braulick has serious

---

[18] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[19] *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).
[20] *Id.*
[21] *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104–05).

### 2. *Claims arising before December 19, 2019.*

The Supreme Court in *Wilson v. Garcia*, determined the applicable statute of limitations for claims filed under 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.[22] In Montana, that period is three years after the action accrues.[23] The limitations period runs from each discrete act.[24] A § 1983 action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that forms the basis of the action.[25]

Braulick filed his complaint on December 19, 2022. All claims accruing prior to December 19, 2019, are barred by the applicable statute of limitations. The wrongful acts alleged to have been committed by defendants prior to December 19, 2019, are untimely. Any wrongful acts alleged to have occurred prior to December 19, 2019, are untimely and time barred.

### 3. *Deliberate Indifference.*

Braulick fails to plausibly show any Defendant was deliberately indifferent to his serious medical needs since December 2019. He filed a grievance on December 24, 2019, stating that the conditions of his hypothyroidism were worsening and that he believed MSP medical staff should be doing more, including further medical testing, to locate the root cause of his symptoms.[26] He indicated

---

[22] 471 U.S. 261, 280 (1985).
[23] Mont. Code. Ann. § 27-2-204(1).
[24] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).
[25] *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758, 760 (9th Cir. 1991).
[26] *See* Doc. 2-1 at 27.

5

further medical testing, to locate the root cause of his symptoms.[26] He indicated that his T3 levels had not been checked "very much," but acknowledged they were in the low-normal range.[27] He also suggested that treatment options were available to increase these levels into the high-normal range and explained that from what he had read in a medical book, being checked for thyrotropin receptor blocking Abs was one such possibility.[28]

On March 26, 2020, Connie Winner at MSP granted Braulick's grievance. She reviewed Braulick's records and noted he had been followed through chronic care for his concerns and had upcoming labs scheduled for thyroid testing.[29] He was informed his condition would continue to be monitored and was encouraged to notify the medical staff of any changes in his medical condition.[30]

On April 21, 2020, Braulick sent a medical kite requesting further testing for thyrotropin receptor blocking Abs or TBII Abs.[31] He also asked that he be started on T3 medication (liothyronine) to get him into the high-normal range.[32] He was advised by medical staff that he had an upcoming appointment, at which he could discuss medication issues.[33]

On June 24, 2020, Braulick had a medical appointment with Dr. Corson.

---

[26] *See* Doc. 2-1 at 27.
[27] *Id.* at 28.
[28] *Id.*
[29] *Id.* at 26.
[30] *Id.*
[31] *Id.* at 34.
[32] *Id.*
[33] *Id.*

6

again about being tested for Abs Thyrotropin receptor-blocking Abs/TBII Abs or whatever Abs may be interfering with his thyroid lab results[34] and was advised that it was possible to perform such tests.[35]

Braulick had another appointment with Dr. Corson on September 15, 2020. Because he had heard Dr. Corson might be leaving MSP, Braulick sent a medical kite directed to Dr. Corson on February 9, 2021, hoping he could again be referred to an endocrinologist, specifically Dr. Eyler in Missoula. He was advised the request would be discussed at his next appointment.[36]

On June 3, 2021, Braulick again sent a grievance requesting two specific blood tests. The grievance was denied,[37] and he was advised he had:

> extensive thyroid lab testing completed, none of which were out of range. You cannot pay for your own medical labs/tests/etc. The providers will continue to assess your needs and determine what testing is or is not indicated.[38]

Braulick appealed the denial of this grievance to the warden-level,[39] the corrections division level,[40] and the division-level.[41] He was advised in September 2021, that his thyroid labs were normal and there was no need for more complex testing.[42] Similarly, at the division-level, Braulick was informed:

---

[34] *Id.* at 35.
[35] *Id.*
[36] *Id.*
[37] *Id.* at 42–43.
[38] *Id.* at 42.
[39] *Id.* at 40–41.
[40] *Id.* at 38–39
[41] *Id.* at 37.
[42] *Id.* at 38.

7

Similarly, at the division-level, Braulick was informed:

> [t]he providers managing your care at MSP have felt it not medically necessary to perform diagnostic tests that you have requested. Many criteria are utilized to determine medical necessity; overall health, diagnostic lab values and physical presentation of symptoms all guide the provider to determine further course of treatment.[43]

Braulick, nonetheless, persists in believing he is being unjustly denied medical treatment because specific tests are not being performed and certain medications are not being provided to him.[44] He also challenges the qualifications of various MSP staff members, particularly registered nurses, who provide opinions and responses to his medical requests and grievances.[45]

Braulick asks this Court to "strongly consider" allowing him to pay for the requested blood testing with his own money or, alternatively, to order MSP to perform the two requested blood tests.[46] Additionally, if the tests come back normal, Braulick requests this Court order medical staff to perform "further and other types" of medical testing on him until the root cause of his symptoms is discovered. Alternatively, he suggests the Court could refer him to an endocrinologist.[47]

The allegations reviewed most favorably to Braulick, at most, have alleged a difference of opinion about the best way to treat his medical conditions. This

---

[43] *Id.* at 37.
[44] *See* Doc. 2 at 28–29.
[45] *Id.* at 29.
[46] *Id.* at 29.
[47] *Id.*

8

allegation is insufficient to state a claim for deliberate indifference.[48] Further, Braulick's suggestion that he is being denied additional diagnostic testing is also insufficient to state a claim. As the Supreme Court in *Estelle* stated:

> [T]he question whether an X-ray—or additional diagnostic techniques or forms of treatment—is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice.[49]

Braulick has been treated with medication and is monitored as part of the Chronic Care Program. Regular blood testing completed reveals his thyroid functions are within normal levels. His allegation that Defendants are being deliberately indifferent to a serious medical need stops short of the line between probability and the possibility of relief.[50]

Braulick's allegations are insufficient to state a denial of medical care claim. They are dismissed. "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."[51] Amendment here would be futile.

Braulick has not stated a claim for federal relief. This Court declines to exercise supplemental jurisdiction over the state law claims for medical negligence

---

[48] *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."); *Gauthier v. Stiles*, 402 Fed. Appx. 203 (9th Cir. 2010) (affirming dismissal and holding plaintiff's disagreement with the dosage and type of pain medication administered after surgery was not deliberate indifference).
[49] *Estelle*, 429 U.S. at 107.
[50] *Iqbal*, 556 U.S. at 678.
[51] *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (cleaned up).

and medical malpractice.[52]

**ORDERED:**

1. Braulick's case is **DISMISSED** for failure to state a federal claim. Amendment would be futile.

2. The Clerk of Court is directed to enter judgment.[53]

3. The Court certifies that any appeal of this decision would not be taken in good faith.

4. Filing of this action counts as one strike against Braulick under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 10th day of April, 2023.

/s/ Sam E. Haddon
Sam E. Haddon
United States District Court Judge

---

[52] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).
[53] F. R. Civ. P. 58.

10